UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JOHN LOMAX,**
                **Plaintiff**

**v.**                                                                  Civil Action No.
                                                                              3:06CV-307J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                **Defendant**

**MEMORANDUM OPINION**

      This case is before the Court on defendant's motion to dismiss (or motion for summary judgment) for lack of jurisdiction on grounds of untimeliness. For the reasons set out below, the motion will be granted.

      The parties agree that the relevant time period within which a District Court complaint must be filed presumes that the Notice of Appeals Council Action is received within five days of its mailing. In support of her motion to dismiss, the Commissioner has attached a file copy of the Notice, which bears the date April 13, 2006. However, in response, plaintiff has submitted a copy of the Notice, identical to that submitted by defendant except for two details: First, it is marked at the bottom "Representative," presumably indicating that it is the copy sent to counsel. Second, like the Commissioner's copy, it is stamped "April 13, 2006" beside the printed designation "Date:" but it also bears another stamped date – "April 17, 2006" – that is not present on the Commissioner's copy. If the Notice was sent April 17, 2006, the complaint was timely; if it was sent April 13, 2006, it was untimely and subject to dismissal.

The difference between the two exhibits is admittedly unusual, but the additional exhibits provided to allow the Court to resolve the matter. The Commissioner's motion is accompanied by the affidavit of Earnest Baskerville of the Social Security Administration, who declared, under oath, that the Notice was mailed on April 13. Plaintiff's response to the motion includes no affidavit. Neither does plaintiff offer any unsworn statement as to when the Notice was received or what its appearance might have been upon receipt. It seems likely that -- unbeknownst to counsel -- someone added the April 17 stamp to indicate date of receipt. Regardless of how the additional stamp came to appear on the Notice, however, the sworn statement of Mr. Baskerville regarding the date of mailing stands uncontradicted.

It appears that the complaint herein was untimely filed, and judgment will enter accordingly.